# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10750
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FERNANDO AVENDANO-HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-553-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Jose Fernando Avendano-Herrera appeals the 20-month below-guidelines sentence imposed following his guilty plea to having been found unlawfully in the United States following removal.  He contends that his sentence is procedurally unreasonable because the district court did not articulate that the applicable guidelines range was one-to-seven months of imprisonment and because it did not adequately explain its reasons for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposing what he views as an above-guidelines sentence.  Avendano-Herrera also contends that the 20-month sentence is substantively unreasonable.

The general objection that Avendano-Herrera raised in the district court following the pronouncement of sentence to the procedural reasonableness of his sentence did not preserve the specific issues he raises on appeal.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).  Accordingly, our review is for plain error.  *See id.*; *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).  As pertinent to his first claim of procedural error, Federal Rule of Criminal Procedure 32 directs a district court to rule on "any disputed portion of the presentence report or other controverted matter."  FED. R. CRIM. P. 32(i)(3)(B); *see* U.S.S.G. § 6A1.3(b), p.s.  A defendant generally is provided adequate notice of the district court's resolution of disputed facts when the court adopts the findings of the presentence report.  *United States v. Mora*, 994 F.2d 1129, 1141 (5th Cir. 1993).  Here, the district court's statements at the sentencing hearing indicate that the court was overruling Avendano-Herrera's objection to the date used to assess criminal history points and relying on the presentence report's recommendation.  Furthermore, in its written Statement of Reasons, the district court specifically adopted the presentence report's factual findings and guidelines application, including the 30-to-37-month sentencing range.  Therefore, Avendano-Herrera's argument that the district court erred under Rule 32 is without merit.  *See Mora*, 994 F.2d at 1141.

Nor has Avendano-Herrera shown that the district court plainly erred with respect to the sufficiency of its explanation for the sentence it imposed. The district court listened to Avendano-Herrera's reasons for requesting a six-month sentence, including that he had lived a crime-free life during the preceding 10 years.  When imposing the 20-month sentence, the district court expressly noted that it had taken into account the 18 U.S.C. § 3553(a) factors,

the Sentencing Guidelines, and the sentences it had imposed on similar defendants. Even if the district court "might have said more," the record makes clear that the court considered the evidence and arguments, and its statement of reasons was legally sufficient. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009). Thus, Avendano-Herrera has not shown a clear or obvious error with respect to the adequacy of the reasons. *See Puckett*, 556 U.S. at 135. Moreover, he has not shown that the alleged error affected his substantial rights, because he has not established that a more thorough explanation would have resulted in a lower sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65.

In challenging the substantive reasonableness of the sentence, Avendano-Herrera has not shown that the court failed to take into account a significant factor or that it gave significant weight to an improper factor or committed a clear error in judgment in balancing the § 3553(a) factors. *See United States v. Simpson*, 796 F.3d 548, 558 (5th Cir. 2015). Avendano-Herrera's disagreement with the propriety of the sentence or the weight given to the § 3553(a) factors by the district court does not suffice to rebut the presumption of reasonableness that applies to his below-guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Simpson*, 796 F.3d at 557 & n.51.

The judgment of the district court is AFFIRMED.